NUMBER 13-99-534-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


NOE RAMON REYES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 377th District Court


of Victoria County, Texas.


____________________________________________________________________


O P I N I O N


Before Chief Justice Seerden and Justices Dorsey and

Kennedy(1)

Opinion by Justice Kennedy


 Appellant was convicted by the trial court of possession of cocaine
in an amount of 400 grams or more. At the hearing on punishment,
the state introduced certified copies of a prior conviction in federal court
and a prior conviction in state court, each for possession of marijuana. 
The trial court sentenced appellant to imprisonment for life.

 Appellant was driving a truck when he was stopped by a state
trooper who was assigned to the License and Weight Division of the
Texas Department of Public Safety (DPS) and deals with motor vehicle
inspections. The trooper requested and received permission to search
the truck.

 The truck was taken to a DPS compound where a canine unit(2)
was present. The dog reacted to a portion of the truck on the
passenger side near the firewall and a further search discovered a
quantity of marijuana. Appellant pleaded guilty to a state jail felony for
possession of the marijuana and was assessed punishment at
confinement for two years.

 Almost two months later, during which time the truck remained
in a secure enclosure at the DPS headquarters in Victoria, the trooper,
still suspicious that he had not found all of the unlawful substances in
the truck, began a further and much more elaborate search of the truck. 
This search turned up five pounds of cocaine and more marijuana. The
cocaine formed the basis for a subsequent indictment which resulted
in this conviction. Appellant denied knowledge of the cocaine and, in
fact, the record shows that he had purchased the truck from a man and
prior to this man's purchase, it had been purchased at a drug forfeiture
auction.

 Appellant's brief presents thirteen issues. The first five allege
factually (number one) and legally (numbers two through five)
insufficient evidence to convict. Issue number six alleges error in
denying appellant's motion for new trial which is based upon ineffective
assistance of counsel. The last seven issues argue ineffectiveness of
counsel, the arguments for which are intertwined with that for issue
number six.

 We first address the sufficiency of evidence issues. To determine
whether the evidence is legally sufficient to support the verdict, we
view the evidence in the light most favorable to the verdict and ask
whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318, 319 (1979); Weightman v. State, 975 S.W.2d 621,
624 (Tex. Crim. App. 1998). In a factual sufficiency review, we examine
all of the evidence impartially and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Issue one challenges the factual sufficiency of the evidence to
convict appellant. Issues two through five read as follows:

 2. Legally there is insufficient evidence to support
conviction under the due process clause of the
fourteenth amendment to the U. S. Constitution.


 3. Under Texas Penal Code § 6.01(a) and (b), acquittal
must follow since appellant was an "involuntary
possession" of the secreted cocaine.


 4. As to the secreted cocaine, legally there are
inadequate, affirmative links to demonstrate appellant
acted knowingly, or with knowledge, with respect to
the nature of his conduct or to circumstances
surrounding his conduct when he was aware of the
nature of his conduct or that the circumstances exist.


 5. As to the secreted cocaine, legally there are
inadequate, affirmative links to demonstrate appellant
"possessed by having actual care, control or
management" knowingly, or with knowledge, with
respect to the nature of his conduct or to
circumstances surrounding his conduct when he is
aware of the nature of his conduct or that the
circumstances exist.


 The trial judge heard evidence that appellant was the driver and
sole occupant of the truck. Appellant admitted to knowledge of the
marijuana found in the truck. The trial judge heard evidence that,
following the seizure, the truck had been stored in a DPS compound
staffed around the clock every day of the year, surrounded by a high
fence, with surveillance cameras. He heard further evidence that the
noise and time consumed by the authorities to break into, and discover,
the concealed cocaine would, certainly, have alerted someone if done
by a party who had sneaked into the compound without authority. The
court heard evidence that the cocaine was found to be packaged in
Saran Wrap and was similar to the packaging of the marijuana which
appellant admitted was his.

 The court could easily have found that the cocaine was intact
when appellant had possession of the truck. In spite of appellant's
denial of knowledge of the presence of the cocaine, the trial court, being
the fact finder in this case, could have determined from all the
surrounding circumstances that appellant knew about the cocaine and,
thus, possessed it. Also as the court said in Menchaca v. State, 901
S.W.2d 640, 652 (Tex. App. ­ El Paso 1995, pet ref'd):

 The jury was well aware that the cargo with which
Appellant had been entrusted was valuable. It was a
rational inference that Appellant would not have been
entrusted in taking the valuable cargo across an international
border(3) if he were a mere innocent, ignorant of all the details
surrounding his responsibility and the importance of the
cargo in his care.


 We hold that any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. We also
find that the judgment of the trial court was not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. We deny the relief sought in issues one through five.

 Issue six alleges error in the court's denying his motion for new
trial. From the structure of appellant's brief, he appears to have
incorporated all of his allegations of ineffective assistance of counsel
into his motion for new trial.(4)

 Appellant's remaining seven issues allege ineffective assistance of
counsel. To judge ineffective assistance we adhere to the two-prong
Strickland test.(5)
 Under this test, in order to obtain a reversal, appellant
must show: (1) that his counsel's representation was deficient; and (2)
that the deficient performance was so serious that it prejudiced his
defense. This means appellant must prove by a preponderance of the
evidence that counsel's presentation fell below the standard of
prevailing professional norms, and that there is a reasonable probability
that but for counsel's deficiency the result of the trial would have been
different. McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App. 1996).

 Issues seven, eight, and nine complain of trial counsel's failure to
object, and failure to discuss the possible objection with his client, to
the evidence obtained due to the seizure of his truck in violation of the
fourth and fourteenth amendments to the U. S. Constitution. There is
no proof by appellant that such an objection was valid and from the
evidence it does not appear to be so.

 Issue ten alleges ineffective assistance in the waiver of a jury in
the guilt-innocence phase of the trial because appellant is hispanic and
forty percent of the population of Victoria County are hispanic. First of
all, there is no evidence that these population figures are correct. And
again there is no proof that such a decision prejudiced appellant in view
of all of the evidence. 

 Issues eleven and twelve allege ineffective assistance in the "not
guilty" phase of the trial (eleven) and the penalty phase (twelve). No
details are given in the brief as to why counsel was ineffective in either
phase. References are made to volumes of the record in each issue but
no reference is made to a page. We can only guess what appellant is
complaining of and this we decline to do. As an appellate court, it is
not our task to pore through the record in an attempt to verify an
appellant's claims, nor is it our task to speculate as to the nature of an
appellant's legal theory. Alvarado v. State, 912 S.W.2d 199, 210 (Tex.
Crim. App. 1995); Tex. R. App. P. 38.1(h).

 Issue thirteen states that trial counsel rendered ineffective
assistance by failing to present appellant's father as a witness even
though trial counsel said that he wanted the father to be a witness. We
are not sure why this is relevant to an ineffective assistance issue. 
From reading the brief, however, the brief refers us to pages in the
record to support this issue. We are unable to find anything in the
record to suggest that the foregoing occurred, or if it did, it supports a
charge of ineffective assistance of counsel.

 We find no error in any of the issues propounded by appellant and
AFFIRM the judgment of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 12th day of April, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. A dog and a dog handler used to sniff for the presence of drugs.

 
3. There is no evidence in this case that the contraband was taken
across an international border, however, the logic of the statement still
holds true.
4. Appellate counsel, who filed the motion for new trial, was not
appellant's attorney at trial.

5. Strickland v. Washington, 466 U.S. 686 (104 S.Ct. 2064) (1984).